IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 3:17-CR-30120-NJR-1 |
| **ANTHONETTE STROWDER,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are the second and third Motions for Reduction in Sentence Pursuant to Section 3582(c)(1)(A)(i) filed by Defendant Anthonette Strowder. (Docs. 181, 201). Strowder also has filed a motion to file certain exhibits containing medical information under seal (Doc. 202) and a motion for appointment of counsel (Doc. 213). For the reasons set forth below, Strowder's motion to seal is granted, but her motions for appointment of counsel and for a reduction in sentence are denied.

Strowder is serving a 240-month sentence at Federal Medical Center Carswell for distribution of methamphetamine and crack cocaine. (Doc. 122). As the Court thoroughly discussed in its Order denying Strowder's first motion for compassionate release (Doc. 179), Strowder had sold drugs while bedridden in her home, often with children present and helping to package the narcotics.

In her current motions, Strowder again asserts extraordinary and compelling circumstances warrant a reduction of her sentence. She states that she is 63 years old, is morbidly obese, has diabetes and hypertension, and has made significant efforts toward

rehabilitation. (*Id.*). Strowder also argues that the Supreme Court's ruling in *Concepcion v. United States*, 142 S. Ct. 2389 (2022), overruled Seventh Circuit case law and now allows district courts to consider intervening changes of law or fact when exercising their discretion to reduce a sentence. (*Id.*).

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under the "compassionate release" exception to this rule, however, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.'" *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Strowder's motion has no merit, as she has failed to demonstrate extraordinary and compelling circumstances for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Strowder references her numerous medical conditions, her obesity and limited mobility, and the danger of COVID-19, but she is housed at a Federal Medical Center and has been vaccinated and twice boosted against the coronavirus. (Doc. 209-1). *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (prisoners who can benefit from COVID-19 vaccine cannot rely on pandemic to justify reduced sentence). Furthermore, as pointed out by the Government in its response, Strowder's medical records through October 25, 2022, indicate the Bureau of Prisons is preparing her for bariatric surgery. (*Id.*). As the Court observed in its Order denying Strowder's first motion for compassionate release, a medical facility such as FMC Carswell is arguably the most beneficial place for Strowder's health and rehabilitation. Strowder's medical issues are no more extraordinary or compelling than any other prisoner's medical issues.

Strowder's reference to *Concepcion* also is unhelpful to her. In *Concepcion*, the Supreme Court held that district courts may consider changes of law or fact when exercising their discretion to reduce sentences for eligible defendants under § 404(b) of the First Step Act. *Id.* at 2404. Strowder asserts that *Concepcion* overruled the Seventh Circuit's decision in *United States v. Thacker*, 4 F.4th 569, 571 (7th Cir. 2021), in which the Court of Appeals held that a district judge must not rely on non-retroactive statutory changes or new judicial decisions when deciding whether "extraordinary and compelling reasons" justify a prisoner's compassionate release. Thus, she argues, this Court may now consider her rehabilitation as a "change of fact" in deciding whether she has demonstrated extraordinary and compelling grounds for a sentence reduction.

Strowder is incorrect. The Seventh Circuit has repeatedly affirmed *Thacker* since *Concepcion*, as they address two different issues. *See United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022). *Thacker* concerns the threshold issue of whether a prisoner has established extraordinary and compelling reasons that warrant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). When deciding that threshold issue, a district judge cannot rely on non-retroactive statutory changes or new judicial decisions. *Thacker*, 4 F.4th at 576. *Concepcion* concerns prisoners who are entitled to resentencing under the First Step Act. Then, a judge "may consider everything that would have been pertinent at an original sentencing." *King*, 40 F.4th at 596.

In sum, *Concepcion* is of no help to Strowder, as she has not passed the threshold requirement of demonstrating extraordinary and compelling reasons for compassionate release or a reduction in sentence. And even if she had, the Court would still deny her motion based on the factors set forth in 18 U.S.C. § 3553(a) and discussed at length in the Court's

order denying Strowder's first motion for compassionate release (Doc. 179). The Court incorporates that discussion here in lieu of rehashing Strowder's significant criminal history and the details of her crimes.

Finally, although Strowder is ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i), the Court appreciates Strowder's openness in describing her life circumstances and encourages Strowder to continue making positive changes during her term of incarceration.

## CONCLUSION

For these reasons, the second and third Motions for Reduction in Sentence Pursuant to Section 3582(c)(1)(A)(i) filed by Defendant Anthonette Strowder (Docs. 181, 201) are **DENIED**. Strowder's Motion to File Under Seal (Doc. 202) is **GRANTED**. Her Motion for Appointment of Counsel (Doc. 213) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   May 22, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**